UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE JEROME HENRY JR., | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-07-1293 |
| | : |
| RONNIE HOLT, | : (Judge Kosik) |
| | : |
| Respondent | : |

**M E M O R A N D U M**

**I.     Introduction**

Petitioner Willie J. Henry files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is currently confined at the United States Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania.  Named as Respondent is Ronnie Holt, Warden at USP-Canaan.

Henry is currently serving a 180-month term of confinement for Conspiracy to Possess with Intent to Distribute and to Distribute Crack Cocaine imposed by the United States District Court for the Western District of Virginia.  He challenges the calculation of his federal sentence by the Bureau of Prisons ("BOP").  Specifically, he contends that his federal sentence should be credited with time he spent in state custody.  He also contends that the federal sentencing judge misapplied the sentencing guidelines.[1]  On August 15, 2007, Respondent was directed to answer the allegations in

---

[1] Petitioner claims that the federal sentencing judge misapplied U.S.S.G. § 4A1 in computing his sentence.  A claim that the sentencing judge misapplied the sentencing guidelines is properly brought on direct appeal pursuant to 18 U.S.C. § 3742(a)(2).  Further, Petitioner could have raised any challenges to the legality of his sentence in a motion filed pursuant to 28 U.S.C. § 2255 filed with the sentencing court. A habeas corpus petition pursuant to § 2241 is not the proper vehicle for doing so.  See United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); In re Dorsainvil, 119 F.2d 245, 249 (3d Cir. 1979).

the petition within twenty (20) days. (Doc. 6.) A response was submitted on September 11, 2007.[2] (Doc. 14.) A traverse was filed on September 28, 2007. (Doc. 15.) The matter is ripe for consideration.

## II. Background

Petitioner was sentenced in the Circuit Court for Richmond, Virginia on May 9, 1989 to a six (6) year state term of imprisonment to be followed by a six (6) year term of probation for Possession with Intent to Distribute. (Doc. 14, Ex. 1.) He was paroled from this sentence on April 18, 1990. (Id.) While on state probation supervision during the time period from the spring of 1992 until on or about December of 1992, Petitioner committed the federal offense of Conspiracy to Possess with Intent to Distribute and to Distribute Crack Cocaine. (Id.)

Petitioner was arrested by Virginia state authorities in Halifax County, Virginia on August 1, 1993, on state charges of Impeded a Police Officer, Assaulted a Police Officer and Escape from Custody. (Id., Ex. 1, ¶¶ 7-8, Attachs. 1,2.) He was sentenced on September 3, 1993, in the General District Court for Halifax County, Virginia, to a six (6) month state jail term on the charges of Impeded a Police Officer and Assaulted a Police Officer. (Id., Attach. 1, ¶ 22.) On October 22, 1993, Petitioner was sentenced to a six (6) year state term of imprisonment in the Circuit Court for Richmond, Virginia for the violation of his probation. (Id., Ex. 1, ¶ 9, Attach. 1, ¶ 22.) The Circuit Court for Halifax County Virginia sentenced Petitioner on February 2, 1994 to a one (1) year state term of confinement for the charge of Felonious Escape. (Id., Ex. 1, ¶ 11, Attach. 1, ¶ 22.)

On August 26, 1994, Petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. (Id., Ex. 1, ¶ 12, Attach. 3.) On August 31, 1994, he was

---

[2] On September 7, 2007, the court granted a motion to seal filed by Respondent with regard to the submission of a portion of an exhibit in support of the response based upon concerns of security. (Doc. 13.)

sentenced in the United States District Court for the Western District of Virginia to a 180 month term of confinement on the federal charge of Conspiracy to Possess with Intent to Distribute and to Distribute Crack Cocaine. (Id., Ex. 1, ¶ 13, Attach. 4.)[3] Petitioner was returned to state custody on September 16, 1994. (Id., ¶ 14, Attach. 3.)

The Virginia Department of Corrections computed Petitioner's state sentence(s) as commencing on June 24, 1994, with credit in the amount of 327 days for the time Petitioner spent in custody from August 1, 1993 (date arrested on the state charges), to June 23, 1994.[4] (Id., ¶ 15, Attachs. 5-6.) Petitioner was paroled from his state sentence(s) on December 10, 1997, at which time the federal authorities assumed custody. Petitioner filed this habeas corpus petition on July 17, 2007, challenging the BOP's calculation of his federal sentence. He specifically contends that he should have received credit toward his federal sentence for the three (3) year and three (3) month period he spent in state custody. For the reasons that follow, the petition will be denied.

**III.    Discussion**

It is well established that a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 188 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Henry is proceeding pro se, the court will accord his petition the liberal construction intended for pro se litigants.

    **A.    Computation of Federal Sentence**

The Attorney General has delegated to the Bureau of Prisons the authority to compute federal

---

[3] Page 4 of this attachment is sealed pursuant to the court's order of September 7, 2007. (Doc. 13.)

[4] The total time period from August 1, 1993 through June 23, 1994 was 327 days.

sentences for offenses committed on or after November 1, 1987.  See 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); United States v. Wilson, 503 U.S. 329, 334-35 (1992); United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993).  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of two factors: (1) the date on which the federal sentence commences, and (2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence.  A federal sentence cannot commence prior to the date it is imposed.  18 U.S.C. § 3585(a); United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998).  The imposition of the federal sentence in this case was August 31, 1994.

> Section 3585 provides as follows:
>
> (a)  Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)  Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b) (emphasis added).  The last clause provides that time spent in custody cannot be credited toward a federal sentence if it was used to satisfy a non-federal sentence.  The United States Supreme Court has made clear that inmates are not allowed to "double count" credit. Wilson, 503 U.S. at 337.

In addition, a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus ad prosequendum.  Chambers v.

Holland, 920 F. Supp. 618, 622 (M.D. Pa. 1996). At the time, the State of Virginia was the primary custodian of Petitioner unless and until it relinquished jurisdiction over him. See Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000). Despite Petitioner's arguments to the contrary, he was clearly in the primary custody of Virginia when he was borrowed by federal authorities on August 26, 1994, and there is no evidence in the record to dispute this fact.

In determining the amount of credit due to Petitioner, if any, for time spent in custody prior to the commencement of his federal sentence, Section 3585(b) strictly prohibits prior custody credit if the inmate has already received credit for said time period towards another sentence. Thus, because Virginia awarded Petitioner credit for the period of August 1, 1993 through December 9, 1997, against his state sentence(s), this pre-federal sentence time may not also be credited against his federal sentence. See Rios, 201 F.3d at 272-73. Petitioner is barred from receiving double credit for this time period.

While § 3585(b) governs calculation of a sentence by the BOP, § 3584 authorizes the federal sentencing court to impose a sentence that runs concurrent to a state sentence. This section provides as follows:

> (a)  Imposition of concurrent or consecutive term. - If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584; see also Ruggiano v. Reish, 307 F.3d 121, 132 (3d Cir. 2002) (sentencing court has authority under 18 U.S.C. § 3584 and United States Sentencing Guidelines § 5G1.3(c) to adjust a federal sentence to be fully and retroactively concurrent to a state sentence the defendant was already

serving).

Under § 3585(a), Petitioner's federal sentence commenced the date it was imposed. In Ruggiano, 307 F.3d at 131, the court held that in imposing a sentence, a district court may grant an adjustment for time served on a preexisting sentence pursuant to U.S.S.G. § 5G1.3(c). The federal sentencing court may exercise this option by making the federal sentence concurrent with the state sentence for the full period of the preexisting sentence (retroactively concurrent) or only concurrent for the remainder of the preexisting sentence from the date when the federal sentence was imposed.

In analyzing what type of credit, if any, was intended, this court must determine the meaning of the federal sentencing court's directive. See Rios, 201 F.3d at 264. Where an oral pronouncement of a sentence and a written sentence are in conflict, the oral sentence prevails. United States v. Chasmer, 952 F.2d 50, 52 (3d Cir. 1991). Even in a case where a conflict does not appear to exist, there can still be ambiguity as to what the sentencing court intended. It is crucial to review the judgment of conviction, the sentencing transcript, and any plea agreement or other relevant documents to determine whether the sentencing judge conveyed an intent to grant an adjustment by making the federal sentence retroactively concurrent for the entire period of the state sentence pursuant to § 5G1.3(c).

In the Ruggiano case, the Third Circuit found an intent to make the federal sentence retroactively concurrent for the entire period of the state sentence. In so doing, the Court relied upon the fact that the sentencing court had engaged in a dialogue on the issue of credit for time served and had explicitly directed that the defendant receive credit retroactive to the commencement date of the defendant's earlier imposed sentence.[5]

---

[5] In Ruggiano, the sentencing judge stated that he ". . . thought it appropriate to go ahead and recommend that [Ruggiano's sentence] be served concurrently and that he receive credit for the amount of time he served there." Ruggiano, 307 F.3d at 124. In the written judgment, the judge recited that Ruggiano's sentence was "to run concurrent with State sentence. Defendant to receive

6

In the instant case, Petitioner's argument that he is entitled to an adjustment of his sentence wholly lacks any basis in the sentencing record. There is no evidence that the federal sentencing judge intended to effect an adjustment as the language of the federal sentence fails to reveal any intent by the sentencing judge that Petitioner receive a concurrently-running federal sentence to his state term.[6]

In citing to Ruggiano, Petitioner basically requests this court to make his federal sentence fully concurrent with the state term he was serving at the time. While he attempts to argue that the Halifax County Sheriff's Officers that arrested him with regard to the state charges were "operating in the capacity of Federal Officers" (Doc. 15 at 2) and also that he was in federal custody due to the outstanding warrant for his arrest on the federal indictment, his arguments are without merit. There simply is no evidence to support such conclusions or that there was any intention on the part of the sentencing judge to impose a concurrent sentence. The instant case is a situation where state and federal sentences were imposed at different times - and the federal sentence imposed was consecutive to the state sentence(s) being served. The Ruggiano case does not apply to a case were consecutive sentences were imposed. See Lerario v. United States, 371 F.Supp.2d 633, 636 (M.D. Pa. 2005). Accordingly, his petition for writ of habeas corpus will be denied. An appropriate Order follows.

---

credit for time served." Id. Thus, the combination of the judge's statement that the two sentences were to run concurrently, in addition to the added language that the defendant receive credit for time served was found to express a clear intent to grant an adjustment under § 5G1.3(c).

[6] While Petitioner submits as an exhibit a copy of a letter from a United States Probation Officer written to Petitioner's mother, as well as a copy of a Presentence Investigation Report prepared by the same office wherein Petitioner's federal custody is reported as beginning on August 16, 1993, there is no evidence in the record to support such a statement. (Doc. 2, Exs. 1, 2.)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE J. HENRY JR., | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-07-1293 |
| | : |
| RONNIE R. HOLT, | : (Judge Kosik) |
| | : |
| Respondent | : |

# O R D E R

**NOW, THIS 3rd DAY OF OCTOBER, 2007,** for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED**.

2. The Clerk of Court is directed to mark this matter **CLOSED.**


*/s/ EDWIN M. KOSIK*
United States District Judge